THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
PETER A. HERNANDEZ (Cal. State Bar No. 178104)
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section
KEVIN S. ROSENBERG (Cal. State Bar No. 174593)
Assistant United States Attorney
Deputy Chief, OCDETF Section
JEFFREY A. BACKHUS (Cal. State Bar No. 200177)
Assistant United States Attorney
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6681/4849/4267
    Facsimile: (213) 894-3713/0142

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>        v.<br><br>JAMES GEORGE WASHINGTON,<br><br>         Defendant. | CR No. 07-1079-DSF<br><br><u>PLEA AGREEMENT FOR DEFENDANT</u><br><u>JAMES GEORGE WASHINGTON</u> |

    1.    This constitutes the plea agreement between JAMES GEORGE WASHINGTON ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

2.   Defendant agrees to plead guilty to Count Thirty-Eight

of the indictment in <u>United States v. JAMES GEORGE WASHINGTON</u> ,

CR No. 07-1079-DSF.

NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of Count Thirty-

Eight, which charges a violation of Title 21, United States Code,

Section 843(b), the following must be true: (1) defendant used a

"communication facility" (for example, a telephone or pager), and

(2) defendant did so to commit, cause, or facilitate the

commission of a felony drug offense under Subchapters I or II of

Title 21 of the United States Code (in this case, conspiracy to

distribute cocaine, a schedule II controlled substance, in

violation of 21 U.S.C. § 846).  Defendant admits that defendant

is, in fact, guilty of this offense.

PENALTIES

4.   The statutory maximum sentence that the Court can impose

for each violation of Title 21, United States Code, Section

843(b) is:  4 years imprisonment; a 3-year period of supervised

release; a fine of $250,000; and a mandatory special assessment

of $100.

5.   Supervised release is a period of time following

imprisonment during which defendant will be subject to various

restrictions and requirements.  Defendant understands that if

defendant violates one or more of the conditions of any

supervised release imposed, defendant may be returned to prison

for all or part of the term of supervised release, which could

result in defendant serving a total term of imprisonment greater

2

1  than the statutory maximum stated above.

2     6.  Defendant also understands that, by pleading guilty,

3  defendant may be giving up valuable government benefits and

4  valuable civic rights, such as the right to vote, the right to

5  possess a firearm, the right to hold office, and the right to

6  serve on a jury.

7     7.  Under Title 21, United States Code, Section 862a,

8  defendant will not be eligible for assistance under state

9  programs funded under the Social Security Act or Federal Food

10 Stamp Act and will not be eligible for federal food stamp program

11 benefits; furthermore, any such benefits or assistance received

12 by defendant's family members will be reduced to reflect

13 defendant's ineligibility.

14     8.  Defendant further understands that the conviction in

15 this case may subject defendant to various collateral

16 consequences, including but not limited to, deportation,

17 revocation of probation, parole, or supervised release in another

18 case, and suspension or revocation of a professional license.

19 Defendant understands that unanticipated collateral consequences

20 will not serve as grounds to withdraw defendant's guilty plea.

21                          FACTUAL BASIS

22     9.  Defendant and the USAO agree and stipulate to the

23 statement of facts provided below.  This statement of facts

24 includes facts sufficient to support a plea (or pleas) of guilty

25 to the charges described in this agreement and to establish the

26 sentencing guideline factors set forth in paragraph 12 below.  It

27 is not meant to be a complete recitation of all facts relevant to

28 the underlying criminal conduct or all facts known to defendant

                              3

1  that relate to that conduct.

2      On August 28, 2005, defendant knowingly and intentionally

3  used a telephone to communicate with Arturo Cruz ("Cruz").

4  During this telephone communication, defendant WASHINGTON told

5  Cruz that the 84 grams of powder cocaine that WASHINGTON

6  purchased from Cruz had a gasoline taste.

7      Over the course of defendant's involvement with Cruz,

8  defendant conspired to distribute at least five kilograms of a

9  mixture or substance containing a detectable amount of cocaine, a

10  schedule II narcotic drug controlled substance.

11      A telephone is a communication facility.  Defendant knew

12  that the conversations involved the distribution of cocaine.

13                    WAIVER OF CONSTITUTIONAL RIGHTS

14      10.   By pleading guilty, defendant gives up the following

15  rights:

16            a) The right to persist in a plea of not guilty.

17            b) The right to a speedy and public trial by jury.

18            c) The right to the assistance of legal counsel at

19  trial, including the right to have the Court appoint counsel for

20  defendant for the purpose of representation at trial.  (In this

21  regard, defendant understands that, despite his or her plea of

22  guilty, he or she retains the right to be represented by counsel

23  - and, if necessary, to have the court appoint counsel if

24  defendant cannot afford counsel - at every other stage of the

25  proceedings.).

26            d) The right to be presumed innocent and to have the

27  burden of proof placed on the government to prove defendant

28  guilty beyond a reasonable doubt.

                              4

1        e) The right to confront and cross-examine witnesses

2   against defendant.

3        f) The right, if defendant wished, to testify on

4   defendant's own behalf and present evidence in opposition to the

5   charges, including the right to call witnesses and to subpoena

6   those witnesses to testify.

7        g) The right not to be compelled to testify, and, if

8   defendant chose not to testify or present evidence, to have that

9   choice not be used against defendant.

10       By pleading guilty, defendant also gives up any and all

11  rights to pursue any affirmative defenses, Fourth Amendment or

12  Fifth Amendment claims, and other pretrial motions that have been

13  filed or could be filed.

14                        SENTENCING FACTORS

15       11.  Defendant understands that the Court is required to

16  consider the United States Sentencing Guidelines ("U.S.S.G." or

17  "Sentencing Guidelines") among other factors in determining

18  defendant's sentence.  Defendant understands, however, that the

19  Sentencing Guidelines are only advisory, and that after

20  considering the Sentencing Guidelines, the Court may be free to

21  exercise its discretion to impose any reasonable sentence up to

22  the maximum set by statute for the crimes of conviction.

23       12.  Defendant and the USAO agree and stipulate to the

24  following applicable sentencing guideline factors:

25       Base Offense Level  :    16    [U.S.S.G.  § 2D1.1(c)(12)]

26       Adjustments
         (Acceptance of
27       Responsibility):          -3    [U.S.S.G.  § 3E1.1]

28  Defendant and the USAO reserve the right to argue that additional

                                    5

specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

13.   There is no agreement as to defendant's criminal history or criminal history category.

14.   Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

15.   The stipulations in this agreement do not bind either the United States Probation Office or the Court.  Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.

<u>DEFENDANT'S OBLIGATIONS</u>

16.   Defendant agrees that he or she will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

6

c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

### THE USAO'S OBLIGATIONS

17. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the underlying indictments as against defendant.

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

### BREACH OF AGREEMENT

18. If defendant, at any time between the execution of this

agreement and defendant's sentencing on a non-custodial sentence
or surrender for service on a custodial sentence, knowingly
violates or fails to perform any of defendant's obligations under
this agreement ("a breach"), the USAO may declare this agreement
breached.  If the USAO declares this agreement breached, and the
Court finds such a breach to have occurred, defendant will not be
able to withdraw defendant's guilty plea, and the USAO will be
relieved of all of its obligations under this agreement.

   19.  Following a knowing and willful breach of this
agreement by defendant, should the USAO elect to pursue any
charge that was either dismissed or not filed as a result of this
agreement, then:

      a) Defendant agrees that any applicable statute of
limitations is tolled between the date of defendant's signing of
this agreement and the commencement of any such prosecution or
action.

      b) Defendant gives up all defenses based on the statute
of limitations, any claim of preindictment delay, or any speedy
trial claim with respect to any such prosecution or action,
except to the extent that such defenses existed as of the date of
defendant's signing of this agreement.

      c) Defendant agrees that: i) any statements made by
defendant, under oath, at the guilty plea hearing; ii) the
stipulated factual basis statement in this agreement; and iii)
any evidence derived from such statements, are admissible against
defendant in any future prosecution of defendant, and defendant
shall assert no claim under the United States Constitution, any
statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of

1    the Federal Rules of Criminal Procedure, or any other federal

2    rule, that the statements or any evidence derived from any

3    statements should be suppressed or are inadmissible.

4                LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

5         20.   Defendant gives up the right to appeal any sentence

6    imposed by the Court, and the manner in which the sentence is

7    determined, provided that (a) the sentence is within the

8    statutory maximum specified above and is constitutional, (b) the

9    Court in determining the applicable guideline range does not

10   depart upward in offense level or criminal history category and

11   determines that the total offense level is 13 or below, and (c)

12   the Court imposes a sentence within or below the range

13   corresponding to the determined total offense level and criminal

14   history category.   Defendant also gives up any right to bring a

15   post-conviction collateral attack on the conviction or sentence,

16   except a post-conviction collateral attack based on a claim of

17   ineffective assistance of counsel, a claim of newly discovered

18   evidence, or an explicitly retroactive change in the applicable

19   Sentencing Guidelines, sentencing statutes, or statutes of

20   conviction.   Notwithstanding the foregoing, defendant retains the

21   ability to appeal the court's determination of defendant's

22   criminal history category and the conditions of supervised

23   release imposed by the Court, with the exception of the

24   following: standard conditions set forth in district court

25   General Orders 318 and 01-05; the drug testing conditions

26   mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol

27   and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

28        21.   The USAO gives up its right to appeal the sentence,

1  provided that (a) the sentence is within the statutory maximum
2  specified above and is constitutional, and (b) the Court imposes
3  a sentence within or above the range corresponding to a total
4  offense level of 13, and the applicable criminal history category
5  as determined by the Court.

COURT NOT A PARTY

7  22.   The Court is not a party to this agreement and need not
8  accept any of the USAO's sentencing recommendations or the
9  parties' stipulations.  Even if the Court ignores any sentencing
10 recommendation, finds facts or reaches conclusions different from
11 any stipulation, and/or imposes any sentence up to the maximum
12 established by statute, defendant cannot, for that reason,
13 withdraw defendant's guilty plea, and defendant will remain bound
14 to fulfill all defendant's obligations under this agreement.   No
15 one - not the prosecutor, defendant's attorney, or the Court -
16 can make a binding prediction or promise regarding the sentence
17 defendant will receive, except that it will be within the
18 statutory maximum.

NO ADDITIONAL AGREEMENTS

20 23.   Except as set forth herein, there are no promises,
21 understandings or agreements between the USAO and defendant or
22 defendant's counsel.  Nor may any additional agreement,
23 understanding or condition be entered into unless in a writing
24 signed by all parties or on the record in Court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26 24.   The parties agree and stipulate that this Agreement
27 will be considered part of the record of defendant's guilty plea
28 ///

1 | hearing as if the entire Agreement had been read into the record

2 | of the proceeding.

3 |     This agreement is effective upon signature by defendant and

4 | an Assistant United States Attorney.

5 | AGREED AND ACCEPTED

6 | UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

7 |

THOMAS P. O'BRIEN
8 | United States Attorney

9 |

10 | _____       4/10/08

JEFFREY A BACKHUS       Date
11 | Assistant United States Attorney

12 |     I have read this agreement and carefully discussed every

13 | part of it with my attorney.  I understand the terms of this

14 | agreement, and I voluntarily agree to those terms.  My attorney

15 | has advised me of my rights, of possible defenses, of the

16 | Sentencing Guideline provisions, and of the consequences of

17 | entering into this agreement.  No promises or inducements have

18 | been made to me other than those contained in this agreement.  No

19 | one has threatened or forced me in any way to enter into this

20 | agreement.  Finally, I am satisfied with the representation of my

21 | attorney in this matter.

22 |

23 | _____       03-12-08

JAMES GEORGE WASHINGTON       Date
24 | Defendant

25 |     I am JAMES GEORGE WASHINGTON's attorney.  I have carefully

26 | discussed every part of this agreement with my client.  Further,

27 | I have fully advised my client of his rights, of possible

28 | defenses, of the Sentencing Guidelines' provisions, and of the

11

1  consequences of entering into this agreement.  To my knowledge,

2  my client's decision to enter into this agreement is an informed

3  and voluntary one.

4

5  _____     March 12, 2008
                                 _____
6  PETER GIANNINI, ESQ.          Date
   Counsel for Defendant
   JAMES GEORGE WASHINGTON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28